FILED

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

97 AUG 26 AM 9: 43

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| **RONALD L. FINLEY,** | ] |
| Plaintiff(s), | ] |
| vs. | ] CV-97-N-0945-NE |
| **THE PRUDENTIAL INSURANCE COMPANY OF AMERICA; CHERYL RUDDER; and PAT MILLER,** | ] |
| Defendant(s). | ] |



AUG 26 1997

### Memorandum of Opinion

This action was intially brought in the Circuit Court of Madison County, Alabama against The Prudential Insurance Company and certain of Prudential's agents. The plaintiff states state law claims for fraud, breach of contract, misrepresentations, suppression of material facts, deceit, and fraudulent deceit and seeks both compensatory and punitive damages.

The defendants removed the actions to this court claiming federal question jurisdiction pursuant to 28 U.S.C. § 1367 ("Section 1367"). They contend that the plaintiff's claims are part of the same case or controversy as numerous other actions that have been filed in various courts around the nation and transferred and consolidated in the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1407(a) by the Judicial Panel on Multidistrict Litigation.

The plaintiff has moved to remand to the state court, asserting a want of federal jurisdiction. the motion will be granted.

7

The court in *Wall v. Prudential Insurance Co. of Am.*, CV-96-TMP-2846-W, remanded a similar action to state court because, among other reasons, it found the defendants arguments regarding original jurisdiction unpersuasive. The defendants in the instant actions have failed to change the court's view on the matter. As stated in *Wall*, section 1367 does nothing more than *extend* federal jurisdiction that already exists; it does not create federal jurisdiction where it did not otherwise exist. *See In re Estate of Tabas*, 879 F. Supp. 464 (E.D. Pa. 1995).

In the instant cause, no claim exists over which the court has original federal jurisdiction. The claims actually pled in the complaint are traditional state law actions, and it is the complaint that dictates whether the claims are federal or state in nature. *See Pruitt v. Carpenters Local Union No. 225*, 893 F.2d 1216 (11th Cir. 1990) (discusses "well-pled complaint" rule with regard to removal cases). Section 1367 operates to confer supplemental jurisdiction over all *claims*, not entire cases, "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 42 U.S.C. § 1367(a). The defendants' argument that a district court in New Jersey has original jurisdiction and that therefore this court should assume supplemental jurisdiction over the plaintiff's state law claims is thus unpersuasive.

Accordingly, the action will be remanded to the state circuit court in which it was originally brought. The court will enter an appropriate order in conformity with this opinion.

Done, this **23rd** of August, 1997.

                                                        EDWIN L. NELSON  
                                      UNITED STATES DISTRICT JUDGE